IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JULIE A. MILLS                                                                    PLAINTIFF

v.                              Civil No. 12-2291

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Julie Mills, brings this action under 42 U.S.C. § 405(g), seeking judicial review

of a decision of the Commissioner of Social Security Administration (Commissioner) denying

her claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security

Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review,

the court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff filed her application for DIB on April 30, 2010, alleging an onset date of July

15, 2008, due to degenerative disk disease ("DDD"), depression, and anxiety. Tr. 111, 144.  The

Commissioner denied Plaintiff's application initially and on reconsideration.  Tr. 59-71.  An

administrative hearing was held on June 30, 2011.  Tr. 26-71.  Plaintiff was present and

represented by counsel.

At the time of the hearing, Plaintiff was 34 years old and possessed a ninth grade

education.  Tr. 21, 32. She had no past relevant work "(PRW") experience.  Tr. 21.

_____

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner
Michael J. Astrue as the defendant in this suit.

On August 17, 2011, the ALJ found Plaintiff's DDD and anxiety were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 13-115.  After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 416.967(a) except claimant can only occasionally climb, balance, crawl, kneel, stoop, crouch, and work overhead. The claimant is also limited to work where interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment involved.  Supervision required is simple, direct and concrete.

Tr. 15.  With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could perform work as a compact assembler, addressing clerk, and surveillance systems monitor.  Tr. 22.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 25, 2012.  Tr. 1-7.  Subsequently, Plaintiff filed this action.  ECF No. 1. This case is before the undersigned for report and recommendation.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 8, 10.

## II.   <u>Applicable Law</u>:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-

3

(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.**   **Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations."  *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v. Apfel,*  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."  *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

The evidence reveals that Plaintiff suffered from DDD with disk protrusion at the C5-6, canal stenosis along the left side, mild flattening of the left spinal cord, left foraminal narrowing,

4

and broad disk protrusion at the C6-7 level with mild canal stenosis and mild biforaminal stenosis. Tr. 227. According to Plaintiff, this resulted in referred symptomology in her arms and hands, resulting in a diminished ability to grip and handle bilaterally. Tr. 327, 385-386. In July 2010, Plaintiff underwent a general physical examination with Dr. Paul Tucker. His examination revealed a 50% grip deficit in her right hand and a 25% deficit in her left hand. Tr. 289. Plaintiff's own treating nurse practitioner, Mary Stanley, also opined that Plaintiff could reach in all directions, handle, finger, grip, and feel for less than two hours during an eight-hour workday. Tr. 375. The ALJ dismissed Ms. Stanley's assessment contending that it is not supported by the overall medical evidence of record. We disagree. The ALJ also stated that he gave "great weight" to the opinion of Dr. Tucker, but failed to make any reference to his notations regarding her diminished grip strength in his RFC. Accordingly, we believe remand is necessary to allow the ALJ to reconsider Plaintiff's RFC.

It has also come to our attention that Plaintiff submitted additional medical evidence to the Appeals Council that was reviewed by the Council, but not made a part of the administrative record. For some reason, this evidence was returned to the Plaintiff. We find this to be error, and also believe that remand is necessary to allow the record to be supplemented with the additional evidence submitted to and considered by the Appeals Council. The ALJ is reminded that additional medical evidence dated outside the relevant time period can be material if it is close enough in proximity to the relevant time period that it can be said to relate back. *See Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984). Generally speaking, and absent a showing of a new injury or a significant deterioration in the Plaintiff's condition after the

5

relevant time period, medical records dated within in a few months of the ALJ's decision will be found to be material. *Id*.

IV.     **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>5th</u> day of November  2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)