IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JULIE A. MILLS                                                    PLAINTIFF

        v.                                CIVIL NO.:12-2291

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal

Access to Justice Act ("EAJA").  ECF No. 13.   The case is presently before the undersigned for

report and recommendation.

        On March 23, 2014, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C.

§ 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $5,384.10 representing

7.85 attorney hours performed in 2012 at am hourly rate of $180.00 per hour and 21.70 attorney

hours for work performed in 2013 and 2014 at a rate of $183.00 per hour.  ECF No. 13, 14.  On

April 4, 2014, the Defendant filed a response to Plaintiff's motion voicing no objections.  ECF

No. 15.

        It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case,

as he is the prevailing party, the government's decision to deny benefits was not "substantially

justified", the hourly rate requested for both attorney and paralegal hours does not exceed the CPI

for either year in question, and the time asserted to have been spent in the representation of the

Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner
Michael J. Astrue as the defendant in this suit.

Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,384.10.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff. However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties should be reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

2

**IV.**     <u>**Conclusion**</u>**:**

Based upon the foregoing, we recommend awarding Plaintiff **$5,384.10** pursuant to the

EAJA, 28 U.S.C. § 2412.

Dated this 11th day of April 2014.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

3